NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0035n.06

No. 25-1191

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 21, 2026
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MATTHEW MENCARELLI,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

OPINION

Before: KETHLEDGE, BUSH, and NALBANDIAN, Circuit Judges.

KETHLEDGE, Circuit Judge. Matthew Mencarelli pled guilty to wire fraud, and the district court sentenced him to 97 months' imprisonment. He now challenges the court's refusal to apply an acceptance-of-responsibility reduction to his offense level. We reject his arguments and affirm.

Mencarelli operated Matthew's Woodworking LLC, a construction and contracting business in Kent County, Michigan. The business struggled, and in 2018 Mencarelli began to solicit investments from friends and acquaintances for projects that did not exist. He typically claimed that he had contracts with state or local governments relating to the installation of fiber-optic cable, which required him to maintain a minimum balance in his company's bank account. He promised investors returns of 10 to 30 percent on loans with terms of several months to one year. Mencarelli also assured them that their investments carried no risk because the government contracts required the funds to remain in his account.

To attract new investors and to placate existing ones, Mencarelli falsified contracts, wire transfers, bank statements, and other documents. When investors demanded repayment, he offered a series of excuses, including that their checks were in the mail, or that his bank was experiencing problems, or that work obligations had delayed payment, or that a family medical emergency had intervened. In fact, Mencarelli had used investor funds to pay earlier investors, cover personal expenses—including vehicles and vacations—and build and furnish his home. Between 2018 and 2022, he defrauded 15 investors of approximately $1.6 million.

Several victims reported Mencarelli's conduct to law enforcement. In February 2024, a grand jury indicted him on seven counts of wire fraud. Although he initially demanded a trial, he pled guilty on the day trial was to begin. During the presentence investigation, Mencarelli failed to provide financial records and, when interviewed, misrepresented some of his conduct. Meanwhile, he was arrested for domestic violence. Mencarelli thereafter sent the court a written statement expressing "deep regret" for his actions in the fraudulent scheme.

At sentencing, over Mencarelli's objection, the district court denied him credit for acceptance of responsibility. The court then calculated a guidelines range of 78 to 97 months' imprisonment and imposed a 97-month sentence.

We review the district court's denial of a reduction for acceptance of responsibility for clear error. *United States v. Merritt*, 102 F.4th 375, 381 (6th Cir. 2024).

The sentencing guidelines permit a two-level reduction to a defendant's base-offense level if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. §3E1.1. Courts may consider, among other things, whether the defendant truthfully admitted the offense or any additional relevant conduct, and whether he timely manifested acceptance of responsibility. *Id.* cmt. n.1. A guilty plea alone does not entitle a defendant to the reduction. *Id.* cmt. n.3. Where the

record reflects conduct "inconsistent with the defendant's specific acknowledgement of responsibility," the district court may deny the reduction. *United States v. Truman*, 304 F.3d 586, 592 (6th Cir. 2002); *see also* U.S.S.G. §3E1.1 cmt. n.3.

Here, at sentencing, the court found that Mencarelli was not entitled to credit for acceptance of responsibility for his offense. In support, the court cited Mencarelli's failure to provide relevant financial records to his probation officer; and the court observed that Mencarelli's "back and forth" with the officer was "very similar to the offense in this case in that, oh, okay, I'll get that to you, I'll get, you know, I'll get that information. It was always going to come, but it never has." R. 83, PageID 482. The court also noted that Mencarelli had minimized his role in the offense—shifting blame to a deceased third party and even to his victims by suggesting he should have vetted them more carefully. *Id.* And the court doubted the sincerity of Mencarelli's written statement of remorse, noting that "he's only doing it at that point to get these points." *Id.* at 483. Those were reasonable grounds to deny the reduction.

Mencarelli contends that the district court impermissibly relied on his intervening arrest for domestic violence in denying the reduction. But the sentencing transcript makes clear that the arrest did not materially affect the court's decision. *Id.* Thus, any error on this point was harmless.

Finally, Mencarelli contends that stress and a personality disorder explain his lack of candor with the probation officer. But sociopathy is hardly a reason for a sentencing reduction; and the record contains no evidence that Mencarelli was diagnosed with a personality disorder. In any event, the guidelines focus on whether the defendant's actions objectively demonstrate acceptance of responsibility. Mencarelli's conduct gave the district court reason to conclude he did not.

The district court's judgment is affirmed.